IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JILL STOGDILL, an individual;<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS COUNTY SCHOOL DISTRICT NO. 17, a political subdivision of the State of Nebraska,<br><br>　　　　　　　Defendant. | 8:18CV216<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on the defendant Douglas County School District No. 17's ("School District") motion to dismiss, Filing No. 11. This is an action for gender discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Nebraska Fair employment Practices Act, § 48-1101 *et seq*.

　　　　The plaintiff, Jill Stogdill, formerly employed by the School district as a teacher and guidance counselor, alleges that she was discriminated against "[b]ased on [the School District's] perception that [she] is not a stereotypical female," and further alleges she was forced to resign "because she was viewed by [the School District] as non-typical and engaged in a life relationship with another female." Filing No. 1, Complaint at 5. She alleges she was treated differently and more harshly than other stereotypical males or females. *Id.* Attached to the complaint is an Equal Employment Opportunity Commission "Notice of Right to Sue" ("Right to Sue Letter"). *Id.*, Ex. A.

　　　　The defendant moves for summary judgment, contending that the plaintiff's action is time barred. In support of its motion, the School District submits the affidavit of counsel,

Duncan A. Young ("Young Aff."), and attached exhibits, including copies of the Right to Sue Letter issued by the Equal Employment Opportunity Commission ("EEOC") on January 18, 2018, and the Administrative Dismissal of the charge before the Nebraska Equal Opportunity Commission ("NEOC") dated February 28, 2018. Filing No. 12, Exs. E & F.

In response, the plaintiff also submits an affidavit of counsel. Filing No. 15-1 Declaration of Terry A. White ("White Decl."). The plaintiff contends she has complied with statutory requirements and time limits, arguing that her complaint in this action was filed within ninety days of the date the Right to Sue Letter was received by counsel. Plaintiff filed this action in the United States District Court for the District of Nebraska on May 18, 2018.

I. FACTS

The Right to Sue Letter indicates on its face that it was mailed on January 18, 2018. Filing No. 1-1, Ex. A; Filing No. 12, Ex E. It informs the plaintiff that

> Your lawsuit under Title VII . . . must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.).

*Id.* at 1 (emphasis in original). The EEOC Right to Sue Letter was addressed to the plaintiff at the same address, 19706 Williams Street, Omaha, Nebraska 68130, reflected in the initial charges she filed with the EEOC and is the plaintiff's current address. *Id.*; *see* Filing No. 12, Young Aff. at 2; Ex. B, Charge of Discrimination. The Right to Sue Letter states that it was issued at the plaintiff's request. Filing No. 1-1, Complaint, Ex. A, Right to Sue Letter; Filing No. 12, Ex E.

The plaintiff submits evidence that shows Stogdill and her counsel made several requests for a Right to Sue Letter. Filing No. 15-1, White Decl. at 1; Filing No. 15-2, Ex. A-1, e-mail dated Nov, 8, 2017. The record shows that on December 13, 2017, plaintiff's counsel contacted Marilyn Koshiway at the EEOC, stating

> I understand you are or were handling Jill Stogdill's charge of discrimination, EEOC# 32E-2016-00617, which was transferred to you by the Nebraska Equal Opportunity Commission, NEB 1-15/16-6-481107.
>
> I have never heard from you regarding the status of Ms. Stogdill's claim. I am requesting a Right to Sue Letter so Ms. Stogdill can pursue her claims.
>
> Please let me know the status of this request, by close of business today.

Filing No. 15-3, Ex. A-2, e-mail dated Dec. 13, 2017; Filing No. 15-5, e-mail dated Dec. 13, 2017. Plaintiff's counsel states in her declaration that she never received a response. Filing No. 15-1, White Decl. at 1.

On January 17, 2018, counsel e-mailed an investigator at the NEOC as follows: "Can you please let me know who or where at the EEOC received the NEOC file for Jill Stogdill (nee Prochaska)? We have NEVER gotten anything from them and her case is getting lost in the weeds." Filing No. 15-4, Ex. A-3. That same day, the NEOC investigator replied

> Ms. Stogdill's charge was deferred to the EEOC's St. Louis, Missouri office. Our contact number for that office is 314-539-7800. Otherwise, the EEOC also has the Complainant portal, where Complainant's can check the status of their cases. Unfortunately, I do not know the name or the contact information for the EEOC investigator assigned to Ms. Stogdill's case, typically, our agency will not hear from the EEOC again regarding a case that has been deferred to them, until we receive the determination.

*Id.*

Plaintiff's counsel also sent a second e-mail to Marilyn Koshiway at the EEOC on January 17, stating:

> I represent Jill Stogdill. She wants to file a lawsuit based on her claims. Her charge has now been pending for approximately 18 months. Do we need to request a right to sue letter from you or do we do request that from Joe Wilson? We typically request a letter from Mr. Wilson when the process is completed, but considering the length this case has been pending, we want to move on.

Filing No. 15-5, Ex A-4, e-mail dated January 17, 2018. Ms. Koshiway responded that same day, stating "I noticed that you already requested the Right to Sue by e-mail dated 12/13/17, therefore, I will proceed with your request received. The Right to Sue will be issued and mailed regular mail." Filing No. 15-6, Ex A-5, e-mail dated January 17, 2018.

In her declaration, plaintiff's counsel states that she has an established practice whereby her law firm receptionist receives opens, date stamps, and delivers her mail. Filing No. 15-1, White Decl. at 2. She states the procedure was followed with respect to Stogdill's Right to Sue Letter. *Id.* A "Received" notation of February 20, 2018, is stamped on the Right to Sue Letter attached to the plaintiff's complaint. Filing No. 1-1, Ex. A. Both the plaintiff's counsel and the School district's counsel are show as "cc'd" on the Right to Sue Letter. *Id.* the Right to Sue Letter states on its face that it was mailed on January 18, 2018. *Id.*

Plaintiff's counsel does not dispute that the letter was mailed by the EEOC to the plaintiff on January 18, 2018. *See* Filing No. 12, Young Aff. at 2. The plaintiff does not allege that she did not receive the letter, she alleges only that her counsel received the letter on February 20, 2018. She has presented no evidence that she did not receive the Right to Sue Letter. Her arguments relate only to counsel's receipt of the correspondence. Filing No. 15-1, White Decl.; Filing No. 16, plaintiff's Brief at 3-8. She argues the lawsuit is timely because she filed her complaint on May 18, 2018, which was the 87th day after

4

attorney White received the dated-stamped Right to Sue Letter. Filing No. 15-1, White Dec.; Filing No. 15, plaintiff's Brief at 4.

The record also shows the NEOC Administrative Dismissal was issued on February 28, 2018. That correspondence notifies the plaintiff that "[t]he deadline for filing an action directly **in state district court** under the Nebraska fair employment Practices Act is ninety days after the receipt of this notice." Filing No. 12, Ex. F (emphasis added).

II. LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must support that contention either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

If the moving party carries its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to

the material facts." *Matsushita*, 475 U.S. at 586–87; *see Bedford v. Doe,* 880 F.3d 993, 997 (8th Cir. 2018) (stating that the nonmoving party cannot rest on mere denials or allegations). The nonmoving party must instead present enough evidence that a jury could reasonably find in his favor. *Bedford*, 880 F.3d at 997.

The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

Under Title VII, an employee complaining of discrimination must follow administrative procedures before filing a lawsuit in federal court. *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, —, 2018 WL 6625766, *2 (8th Cir. 2018). Generally, a plaintiff has "180 days after the 'alleged unlawful employment practice'" to file a charge of discrimination with the EEOC, and ninety days to file a complaint after receiving a Right to Sue Letter from the EEOC. *Diaz v. Swift–Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003); 42 U.S.C. § 2000e5(f)(1). The section of Title VII at issue here states that within ninety days after the issuance of a right-to-sue letter "a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). This ninety-day period constitutes a limitations period that bars a suit that is not filed within that time. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018) (noting that it is therefore crucial to ascertain the date on which the ninety-day period began to run).

The ninety-day period to file a civil action begins to run on the day the Right to Sue Letter is received at the most recent address that the plaintiff has provided to the EEOC.

*Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *see Irwin v. Veterans Admin.*, 498 U.S. 89, 92-93 (1990) (stating that a Right to Sue Letter is "'received' when the EEOC delivers its notice to a Claimant or the Claimant's attorney, whichever comes first"). It is presumed that a plaintiff will receive the notice three days after the mailing date. *Hales,* 886 F.3d at 736 (8th Cir. 2018); Fed. R. Civ. P. 6(d); *see Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (per curiam) (relying on three-day mailing rule in former Rule 6(e) of the Federal Rules of Civil Procedure, which now appears in Rule 6(d)); *see also Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3rd Cir. 1986) (noting that the statutory limitations period remains fixed at ninety days and runs from the date of receipt of the right-to-sue letter; the three-day mailing rule only serves to provide a presumptive date for commencement of the limitations period when the actual date of receipt of the right-to-sue letter is disputed or unknown).

The ninety-day time limit to file a civil action is not a jurisdictional bar to filing a complaint, but instead, operates like a statute of limitations which may be equitably tolled in appropriate cases. *Zipes v. Transworld Airline, Inc.*, 455 U.S. 385, 393 (1982). "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." See *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990). Equitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim, it does not require any misconduct on the part of the defendant. *Kirklin*, 911 F.3d at —, 2018 WL 6625766 at *3. Courts inquire "whether a 'reasonable person' in a plaintiff's situation would have been aware of the existence of a claim." *Id.*

7

When a defendant takes active steps to prevent a plaintiff from suing on time, the doctrine of equitable tolling will come into play. *Id.* Equitable tolling is justified where the notice from the EEOC is inadequate, where motion for appointment of counsel is pending, where the court has led the plaintiff to believe all statutory requirements for bringing a suit have been satisfied, or where the defendant's conduct lulls the plaintiff into inaction. *Hill,* 869 F.2d at 1124 n.2; *Baldwin Cty. Welcome Ctr.,* 466 U.S. at 151; *see also Franks v. Bowman Transp. Co.,* 495 F.2d 398 (5th Cir. 1974) (claimant's nine-year-old nephew signed the postal receipt for the notice but lost it); *rev'd on other grounds*, 424 U.S. 747 (1976); *Croffut v. United Parcel Serv., Inc.,* 575 F. Supp. 1264 (E.D. Mo. 1984) (plaintiff's wife signed for notice letter, but plaintiff did not see the letter for several days because his wife had an accident the same day); *but see Hales,* 886 F.3d at 736-37 (stating that a plaintiff's admission that she did not check her mail does not demonstrate diligence and "militate[s] mightily against any claim for equitable tolling").

The NFEPA makes it unlawful for an employer to discriminate based on "race, color, religion, sex, disability, marital status, or national origin" or because an employee "opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. §§ 48-1104 and 48-1114. There is no requirement that administrative remedies be exhausted before filing an action under Neb. Rev. Stat. § 20–148 to redress violations of the NFEPA or other statutory or constitutional provision securing civil rights. *See Dossett v. First State Bank*, 627 N.W.2d 131, 137 (Neb. 2001). However, if a discrimination charge is filed with the NEOC under the NFEPA, then suit must be filed within ninety days after the complainant receives notice of the last action the NEOC will take on the charge. *See* Neb. Rev. Stat. § 48–1120.01.

The court has supplemental jurisdiction over state-law claims that "arise from the same nucleus of operative fact as the plaintiff's federal claims and . . . the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding. *See Cossette v. Minn. Power & Light*, 188 F.3d 964, 973 (8th Cir.1999); 28 U.S.C. § 1367(a). Claims brought under the NFEPA are analyzed in the same manner as claims brought under Title VII. *See Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999).

A federal district court has the discretionary power to decline jurisdiction where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, (1988) (finding no abuse of discretion in dismissal of state law claim barred in state court by the statute of limitations); *see Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (stating that "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed.").

III. DISCUSSION

The plaintiff does not allege that she failed to receive the Right to Sue Letter and she does not contend that any equitable or exceptional circumstances exist that warrant tolling of the ninety-day period. The Court can presume the letter was mailed to the plaintiff and she received it three days after it was mailed on January 18, 2018, at the address she had provided to the EEOC. The plaintiff has not presented evidence that rebuts that presumption. She does not deny receiving the letter, and provides no evidence

9

demonstrating that she did not receive it. She relies instead on the correspondence later sent to her attorney. Such reliance is unfounded. *See Hill*, 869 F.2d at 1124 (declining to apply equitable tolling when a plaintiff relied on the EEOC to send copies of correspondence to her attorney). Stogdill provides no explanation for relying on a letter received by her attorney when the Right to Sue Letter was sent to her current address. The plaintiff acknowledges that the Right to Sue letter was dated January 18, 2018, and the record shows that the EEOC specifically notified the plaintiff's attorney on the previous day that the Right to Sue Letter would be issued and mailed by regular mail.

The plaintiff has not advanced any argument or evidence in favor of equitable tolling. This is not a case in which a claimant has received inadequate notice, awaited appointment of counsel, or where the court or the defendant lulled the plaintiff into inaction. There is simply no evidence that the late filing of this action was due to circumstances beyond the plaintiff's control. Further, from an equitable point of view, the attorney's belated receipt of the Right to Sue Letter is of little consequence because the plaintiff would still have had more than adequate time to file her action within the ninety-day time limitation that commenced in January 2018. *See, e.g., Hill*, 886 F.2d at 1124 (declining to apply equitable tolling where, upon learning of the letter, the plaintiff still had ample time to file her suit).

Stogdill has failed to respond to the defendant's motion with probative evidence that would permit a finding in her favor. *See Hill*, 869 F.2d at 1124 (stating that equitable tolling is not appropriate when the plaintiff did not inform the EEOC of her new address); *Brown*, 466 U.S. at 151 (holding that a plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"). The defendant has shown there are no genuine

issues of material fact and the defendant is entitled to judgment as a matter of law.  There is no dispute that the EEOC issued its letter on Stogdill's gender discrimination claim on January 18, 2018.  Assuming the three-day presumption, the action would have had to have been filed on or before April 23, 2018 to be timely.  Stogdill filed suit on May 18, 2018—116 calendar days after it was presumably received, which exceeds the ninety-day filing provision of 42 U.S.C. § 2000e-5(f)(1).  Accordingly, the Court finds the plaintiff's Title VII claim is untimely and the defendant is entitled to a summary judgment of dismissal.

Under the circumstances, the Court will decline to exercise supplemental jurisdiction over the state-law claim and will dismiss the claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Dated this 24th day of January 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge